Morris A. CRAUSMAN, Plaintiff,

v.

CURTIS–WRIGHT CORPORATION, et al., Defendants.

Civ. A. No. 87–3578.

United States District Court,
D. New Jersey.

Jan. 19, 1988.

Frederick L. Kentz, Crummy, DelDeo, Dolan, Griffinger & Vecchione, Newark, N.J., for defendants.

Richard E. Kummer, Kummer, Knox & Naughton, Parsippany, N.J., for plaintiff.

## OPINION

WOLIN, District Judge.

This opinion supplements and formalizes an oral opinion interpreting the civil enforcement provisions of the Employee Retirement Income Security Act of 1974 ("ERISA") and supporting payment of an employee's defined benefit upon retirement despite his misconduct to the detriment of his employer.

Plaintiff began his employment with Target Rock Corporation, a New York Corporation, in 1951. In 1967, Target Rock became a wholly-owned subsidiary of Curtis–Wright, a Delaware Corporation, and plaintiff became a participant in various Curtis–Wright pension and savings plans. During the course of his employment with Target Rock and Curtis–Wright, plaintiff served as president and general manager of Target Rock and as vice president of Curtis–Wright. Moreover, during his employment, plaintiff acquired 4,000 unrestricted shares of Curtis–Wright common stock, and under a Curtis–Wright Restricted Stock Plan, plaintiff purchased 4,200 restricted shares of Curtis–Wright common stock.

The restricted and unrestricted shares of stock, though in issue, do not implicate ERISA and are not considered in this opinion.

In March, 1987, plaintiff was terminated from his employment with Curtis–Wright for cause, following the discovery by Curtis–Wright of substantial and extensive financial irregularities at Target Rock. As Target Rock and Curtis–Wright served as government contractors, these irregularities were immediately reported to the appropriate government agencies to avoid any difficulty with government procurement programs. Since then, several government agencies have been involved in investigations concerning Target Rock and its employees.

This action was commenced by plaintiff, Morris Crausman, through the filing of a multi-count complaint against defendants, Curtis–Wright Corporation, Curtis–Wright Contributory Retirement Plan, Curtis–

Wright Employee's Savings Plan and Curtis–Wright Deferred Compensation Plan. Plaintiff moves before the Court today for summary judgment on the ERISA counts compelling the Curtis–Wright plans to pay him his vested benefits. Defendant contends, aside from certain unsupportable procedural aspects of its opposition, that the absence of a specific provision requiring payment of vested benefits to a disloyal employee permits an expansion of the federal common law by the employment of equitable principles. This Court disagrees as does the substantial weight of reported authorities.

The benefits at issue here are governed by the Employee Retirement Income Security Act of 1974, codified at 29 U.S.C. § 1001 *et seq.* ERISA is a statutory scheme enacted to protect employees enrolled in private pension and benefit plans. *E.g., Northeast Department ILGWU Health and Welfare Fund v. Teamsters Local Union No. 229 Welfare Fund,* 764 F.2d 147, 162 (3rd Cir. 1985). As observed by the Supreme Court in *Nachman Corporation v. Pension Benefit Guaranty Corp.,* 446 U.S. 359, 375, 100 S.Ct. 1723, 1733, 64 L.Ed. 2d 354 (1980), ERISA is intended to assure that "if a worker has been promised a defined benefit upon retirement, and if he has fulfilled whatever conditions are required to obtain a vested benefit—he actually receives it." The underlying policy is to protect the "interests of participants in private pension plans .. by requiring [the plan] to vest the accrued benefits of the employees with significant periods of service, to meet minimum standards of funding, and by requiring plan termination insurance." 29 U.S.C. § 1001(c).

Prior to the enactment of ERISA, pension plans frequently provided for the divesture of employee benefits where the employee engaged in conduct detrimental to the employer. *See,* J. Mamorsky, Employee Benefits Law: ERISA and beyond § 5.03 [13] [6] at 5–21 (1987). Congress, however, in formulating ERISA, did not explicitly address the effect of an employ-

ee's misconduct on his right to receive benefits under ERISA. Yet, several federal courts, citing the nonforfeiture and antialienation provisions of ERISA, as well as the legislative history of such, have dealt with the issue and refused to permit an employer to assert employee misconduct as a defense to payment of pension plans. *See, United Metal Products Corp. v. National Bank,* 811 F.2d 297 (6th Cir.1987); *Ellis National Bank v. Irving Trust Co.,* 786 F.2d 466 (2nd Cir.1986); *Winer v. Edison Brothers Stores Pension Plan,* 593 F.2d 307 (8th Cir.1979); *Fremont v. McGraw–Edison Co.,* 606 F.2d 752 (7th Cir. 1979) *cert. denied,* 445 U.S. 951, 100 S.Ct. 1599, 63 L.Ed.2d 786 (1980);. *Vink v. SHV North American Holding Corp.,* 549 F.Supp. 268 (S.D.N.Y.1982). Having examined the legislative history behind ERISA, these Courts have discerned a strong policy opposing forfeiture and alienation of pension benefits and rejecting exceptions based upon employee misconduct. *See, Vink* at 270; *Winer* at 310.

Specifically, in *Vink v. SHV North American Holding Corp., supra.,* an employee, serving as the President of a subsidiary corporation, pleaded guilty to mail fraud and bank fraud of that corporation. Thereafter, the parent corporation terminated his employment and denied him his pension benefits.[1] On the employee's application for summary judgment the Federal District Court for the Southern District of New York granted him his pension benefits in accord with ERISA.

The *Vink* Court reasoned that although an employee's rights to pension benefits are nonforfeitable under ERISA, a limited number of statutory exceptions do exist. However, none of these exceptions apply to employee misconduct and the Court held that the nonforfeiture and antialienation provisions of ERISA precluded the parent corporation from withholding the employee's benefits. *Id.* at 270.

---

1. At the outset, this Court notes that the plaintiff in this matter has not at this time been indicted, let alone convicted of any criminal wrongdoing.

Moreover, the Court refused to imply an employee fraud exception based upon the magnitude of an employee's misconduct. In that regard, the Court observed that ERISA made no distinctions based upon the degree or severity of misconduct and said: "Save for the limited exceptions spelled out in the statute, ERISA bars all forfeitability of vested pensions. It makes no distinction between small frauds and large ones, and neither may this court." *Id.* at 272–273.

Additionally, the Court noted that an implied exception would be difficult to define and would lead to limitless litigation:

"Carving out an exception in this case would start a boundless stream of suits and disputes in which companies refuse to pay pension benefits to allegedly disloyal employees. Courts would then have to determine whether a fraud exception should apply only to felonies, or whether a fraud exception should apply to misdemeanors and acts of negligence as well." *Id.* at 273.

Relying on such reasoning, the Second Circuit in *Ellis National Bank v. Irving Trust Co., supra,* affirmed a district court's grant of summary judgment to a judgment creditor of an employee who had been convicted of theft and securities fraud in connection with unauthorized transactions in customer accounts, but who had been a participant in his employers retirement and savings plans and had vested pension rights. While the employer, as defendants here, sought to impose a constructive trust under state common law on the funds in those accounts, the Court declined to adopt that view holding that an implied "criminal misconduct" exception would undermine the fundamental purpose of ERISA and that such should be adopted, if at all by Congress. 786 F.2d at 471.

Most recently, the Sixth Circuit in *United Metal Products Corp. v. National Bank, supra,* joined the list of circuits which have declined to recognize an implied criminal misconduct exception to either the nonforfeitability or antialienation clauses of ERISA. Noting that other circuits had reviewed the applicable legislative history

of ERISA and found a specific intention of Congress to prevent the enforcement of employee misconduct or "bad boy" clauses in private pension plans, the Sixth Circuit added an additional reason for declining to imply such an exception which is most persuasive to this Court. The Court stated, "The simple fact is that as a policy matter, whether an exception to either the nonforfeiture or antialienation provisions of ERISA should be created is a question for legislative rather than judicial judgment." *Id.,* at 300.

The only case brought to this Court's attention which choose to practice the legislative role and imply an employee misconduct exception to ERISA based on equitable considerations, *St. Paul Fire and Marine Insurance. Co. v. Cox,* 752 F.2d 550 (11th Cir.1985), is unpersuasive to this Court.

First, this Court recognizes that while some debate exists as to the legislative history of the nonforfeitability and antialienation clauses of ERISA, (Compare, *Winer,* 593 F.2d at 310 (Congress specifically intended to prevent enforcement of "bad boy" clauses) with *Cox* 752 F.2d at 552 (Congress did not intend the nonalienability provisions of ERISA to create a windfall for employees who engage in criminal acts)), the majority of federal courts which have interpreted the legislative history of ERISA found a congressional intent to prevent the enforcement of employee misconduct clauses.

Secondly, this Court believes that the absence of any indication of legislative intent should be interpreted to mean that Congress did not intend to include or permit an employee misconduct exception. As the United States Supreme Court has noted, ERISA is a comprehensive statute which Congress adopted after careful consideration of private retirement pension plans. *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 510, 101 S.Ct. 1895, 1099, 68 L.Ed.2d 402 (1981), *quoting, Nachman Corp. v. Pension Benefit Guaranty Corp.,* 446 U.S. 359, 361, 100 S.Ct. 1723, 1726, 64 L.Ed.2d 354 (1980). Since many of these private pre-ERISA pension plans in-

cluded "bad boy" clauses, the omission of such from the current ERISA statute appears telling.

After a thorough consideration of the language of ERISA, its legislative history, judicial precedent and academic comment, it is this Court's opinion that it would be improper to create an employee misconduct exception that would allow companies to deny vested pension benefits to disloyal employees. Thus, if defendants wish to create an exception to ERISA's nonforfeiture and antialienation provisions they should submit their position directly to Congress. This Court is an inappropriate forum for legislative change.

Moreover, as was noted earlier, the plaintiff in this matter has not been indicted nor convicted of any criminal wrongdoing. Although this Court recognizes the "equitable appeal" of defendants contentions, the truth of the defendant's allegations at this time is legally irrelevant. The ERISA statute mandates that plaintiff be granted summary judgment on his right to receive his vested pension benefits regardless of whether or not he has committed any wrongdoing.

The one question remaining in granting plaintiff's motion under ERISA, is the determination of the amount of plaintiff's benefit. Defendants have suggested to this Court that plaintiff was in a position to control the financial records of Target Rock and make fictitious contributions to the plans. The Court has received two affidavits; one from each party, pertaining to plaintiff's control over contributions. These affidavits are not controlling. An evidentiary hearing is necessary to determine the exact amount of his contribution to quantify plaintiff's defined benefit. It will be held within 120 days from the entry of this Judgment.

All relief previously granted and not germane to ERISA consideration shall be given full force and effect, despite its absence from this opinion.